IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY D. CAVIT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2298-K |
| | § | |
| COREY CAIN, ET AL. | § | |
| | § | |
| Defendants. | § | |



**FINDINGS AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. §636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Ricky D. Cavit, a former Texas prisoner, against various state parole officials. On December 3, 2009, plaintiff tendered a form civil rights complaint to the district clerk. He later filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his financial affidavit indicates that he lacks the necessary funds to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. The interrogatories were mailed to plaintiff at the address provided by him in another case,[1] and to the Formby Unit of the TDCJ-CID where plaintiff

---

[1] In *Cavit v. Home*, No. 3-09-CV-1692-P, a section 2254 habeas case, plaintiff provided the residence address of a family friend as his address for communication purposes. After that action was filed, the person residing at that address notified the court that plaintiff was incarcerated at the Formby Unit of the TDCJ-CID.

was incarcerated. On December 31, 2009, the unopened envelope containing the interrogatories was returned to the clerk with the notation, "RTS--Discharged." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiff at the address provided by him in another case and to the prison where he was incarcerated. However, plaintiff has been released from custody and has not provided the court with his current address. Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Dismissal is the only option available under these circumstances. *See Weatherspoon v. Ahmed*, No. 3-07-CV-0369-K, 2007 WL 1062162 at *1 (N.D. Tex. Apr. 10, 2007) (dismissing complaint for failure to provide court with current address).[2]

---

[2] Plaintiff was well aware of his obligation to notify the court of any change of address and the consequences of failing to do so. The form 1983 complaint signed by plaintiff states, in pertinent part:

## **RECOMMENDATION**

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and shall not include any motion(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

(Plf. Compl. Form at 2).